IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FRANKLIN WHITE, | * | |
| | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| v. | * | 1:13-cv-01163-TCB |
| | * | |
| ALCON FILM FUND, LLC, ALCON | * | |
| ENTERTAINMENT, LLC, CUBE | * | |
| VISION, LLC, WARNER BROS. | * | |
| PICTURES, INC., AND TIME | * | |
| WARNER, INC., | * | |
| | * | |
| Defendants | * | |

## FIRST AMENDED COMPLAINT

COMES NOW PLAINTIFF and brings this Complaint against Defendants and alleges as follows:

### THE PARTIES

1.

Plaintiff Franklin White is an individual resident of Georgia, located at 3715 Woody Hill Drive, Lithonia, Georgia 30338.

2.

Defendants Alcon Film Fund, LLC and Alcon Entertainment, LLC are Limited Liability Companies located at 10390 Santa Monica Boulevard, Suite 250, Los Angeles, California 90025 and may be served through their registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808; Defendant Cube Vision, Inc. is a corporation located at 16830 Ventura Boulevard, Suite 400, Encino, California 90017 and may be served through its registered agent, Steven J. Fishman, at that address; Defendant Warner Bros. Pictures, Inc. is a Corporation located at 200 Park Avenue, New York, New York 10166 and may be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 and Defendant Time Warner, Inc. is a Corporation licensed to do business in Georgia, located at One Time Warner Center, New York, New York 10019 and may be served through its Georgia registered agent, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

VENUE AND JURISDICTION

3.

This Court has jurisdiction over this action, and venue is proper in this Court as follows: This action seeks damages and injunctive relief under the copyright laws of the United States of America, 17 U.S.C. §101 *et seq.*

Jurisdiction over the copyright claim is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1338.  Additionally, pursuant to 42 U.S.C. §1332 this Court has jurisdiction over this action, in that this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this District pursuant to 28 USC §1391(b) and §1400(a).  All or a substantial part of the events or omissions giving rise to the claim occurred here. This Court has personal jurisdiction over the Defendants pursuant to O.C.G.A. § 9-10-91 (1) and (2). Jurisdiction in this District also comports with the Due Process Clause of the Fourth Amendment.  Defendants filmed the motion picture at issue in this complaint in Georgia, purposefully transacted business in the state of Georgia and committed the tortious act of copyright infringement in Georgia; Plaintiff's copyright claim arises directly out of these acts.

FACTS

5.

Franklin White ("White") is a nationally recognized author whose publishers include Simon & Schuster and Kensington Publishing Corporation. White's books are sold through major distributor channels throughout the

world and placed in library systems nationally and abroad.  White has been featured in national newspapers and magazines. He has made national bestseller lists and has been nominated for literary fiction awards.

6.

White is the author of <u>First Round Lottery Pick</u> (the "Book"), first published in hardback on November 11, 2005 by Blue/Black Press. The paperback version of the Book is registered with the United States Copyright Office under registration number TX000715659.  The Book was published in soft cover on March 1, 2010 and registered with the Copyright Office on March 24, 2010.  It was named the National Book of the Month for U.S. public libraries in June 2010.

7.

Prior to 2009, Dave Hebenstreit, the former Vice President of Production and Development at Defendant Cube Vision, Inc. ("Cube Vision") requested from Mr. White a copy of a screenplay that White had written (entitled "Grown Folk, A Hip Hop Musical") for consideration for a television series to be produced by Cube Vision.  White responded via letter (attached hereto as "Exhibit A").

8.

Due to the fact that Cube Vision had requested this screenplay from him previously, on February 25, 2009, White submitted a pre-publication copy of the Book to Matt Alvarez, President of Cube Vision, via express mail (a copy of the express mail receipt is attached hereto as "Exhibit B"). White submitted the Book to Cube Vision as a writing sample for Cube Vison's consideration for a writing position on the staff of their potential television series on ABC with Lebron James. His cover letter which he sent with the Book (attached hereto as "Exhibit C") communicated his intentions for sending it.

9.

In August of 2009, Defendants began pre-production for a motion picture entitled "Lottery Ticket" (the "Film"). On March 16, 2011, Defendant Alcon Film Fund, LLC filed a federal copyright registration for the Film, registration number PA0001723451.

10.

The Film was filmed almost entirely in Atlanta, Georgia between October 2009 and August 2010, including location shoots at Herndon Homes, a former Atlanta public housing project. The Film was distributed throughout the United States, including Georgia, by Warner Bros. Pictures, Inc. and its parent company, Time Warner, Inc.

11.

The Film copies key plot elements, themes, characters, events, sequences and settings of the Book.

12.

Pursuant to Plaintiff's request, Kathryn Arnold, noted litigation consultant and expert witness in the film and television industry, reviewed and compared the Film and the Book. She found that the Film copies at least forty-four (44) elements from the Book, including, without limitation, those specifically set forth in the expert testimony report, attached hereto as "Exhibit D."

13.

On April 4, 2011, White's previous counsel sent a demand letter to Warner Bros. Entertainment, Inc., Alcon Entertainment, LLC and Cube Vision, concerning the infringing use of significant portions of the Book in the Film (attached hereto as "Exhibit E"). White received no response.

COUNT 1

RELIEF FOR COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

14.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 13 as if such allegations were set forth herein in their entirety.

15.

The Book is an original work of authorship fixed in a tangible means of expression that constitutes a literary work pursuant to 17 U.S.C. § 102(a), and is subject to copyright protection under the Copyright Act, 17 U.S.C. § 101 *et seq*.

16.

Plaintiff's exclusive rights extend to each protectable component of the Book, including the right to create derivative works such as an adaptation of the Book to a motion picture screenplay.

17.

Plaintiff has the right and standing to enforce his exclusive rights to the Book and its copyrightable component parts.

18.

At all times material hereto, Plaintiff has duly complied with all of the provisions of the copyright laws of the United States applicable to the Book.

19.

Defendants had access to the Book because it was and is a successful novel and was sent directly to Defendant Cube Vision after a relationship had already been established between Plaintiff and Cube Vision.

20.

By producing and distributing the Film, Defendants have reproduced, copied and prepared derivative works based upon and distributed substantial portions of the Book, including key plot elements, characters, events and sequences for their own use, without Plaintiff's permission or authorization. Defendants continue to do so.

21.

Defendants' conduct constituted, and continues to constitute, infringement upon Plaintiff's exclusive rights to reproduce, copy, prepare derivative works based upon, and distribute the Book, all in violation of 17 U.S.C. §§ 106 and 501.

22.

Defendants' infringement was, and continues to be, intentional, deliberate, willful, malicious and in blatant disregard of Plaintiff's exclusive rights.

23.

Defendants' acts as alleged above have caused, and if not enjoined, will continue to cause, irreparable damage to Plaintiff's exclusive rights in a manner that cannot be calculated or compensated solely by money damages. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors and all persons acting in concert with them, to stop their infringing conduct, pursuant to 17 U.S.C. § 502.

24.

Plaintiff is further entitled to temporary and permanent orders impounding and disposing of all infringing materials, including but not limited to all originals, copies, reproductions and derivatives of the Film, in Defendants' possession, custody or control pursuant to 17 U.S.C. § 503.

25.

Defendants' infringing conduct has caused Plaintiff to suffer damages and harm, including, but not limited to, lost derivative market exploitation opportunity, lost revenues and profits, lost market share, loss of goodwill and reputation, and other damages, including costs and attorneys' fees, the exact nature and extent of which will be proven at trial.

26.

Accordingly, Plaintiff is entitled to an award against Defendants for the recovery of Defendants' profits, if any, Plaintiff's actual damages or statutory damages, punitive damages, and attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

## COUNT 2

## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

27.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 26 as if such allegations were set forth herein in their entirety.

28.

Plaintiff has been informed and believes that Defendants have received payments from third parties for the use of portions of his Book in the Film. Such payments constitute unauthorized and unlawful appropriation of the property of Plaintiff by Defendants for personal gain.

29.

Defendants have profited from the unlawful appropriation of the property of Plaintiff. Such profits constitute unjust enrichment of Defendants at Plaintiff's expense.

30.

As a result of the unjust enrichment of Defendants, Plaintiff has been damaged in an amount to be determined by an accounting.

## COUNT 3

## CONVERSION AGAINST ALL DEFENDANTS

31.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 30 as if such allegations were set forth herein in their entirety.

32.

Plaintiff is informed and believes that Defendants have unlawfully and wrongfully converted for their own use in the Film Plaintiff's specific and identifiable ideas as expressed in the Book. Defendants have not compensated Plaintiff for their past or present use of these ideas. Defendants therefore have and continue to interfere with Plaintiff's rightful possession of his property.

33.

As a direct and proximate result of Defendants' unlawful and wrongful conversion of Plaintiff's property, Plaintiff has suffered injury and is entitled to recover actual and compensatory damages and a disgorgement of the Defendants' profits.

34.

Defendants have been, and continue to be, guilty of oppression, fraud and malice, and have acted in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive and exemplary damages in an amount to be determined at trial.

35.

Further, the actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for his cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that:

(a)  this Court grant judgment to Plaintiff upon Count One of this Complaint for infringement of Plaintiff's copyright, in violation of 17 U.S.C. §§ 106 and 501;

(b)  this Court grant to Plaintiff the relief sought in Count Two against Defendants jointly and severally for Unjust Enrichment;

(c) this Court grant to Plaintiff the relief sought in Count Three against Defendants jointly and severally for Conversion;

(d)  Plaintiff be awarded the costs and disbursements of this action, together with reasonable attorneys' fees and punitive damages;

(e)  Plaintiff receive a trial by a jury; and

(f)  Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 10th day of April, 2013.

____/Alan S. Clarke_____
Alan S. Clarke
Georgia Bar Number 128225

The Entertainment Law Group, Alan S. Clarke & Associates, LLC
3355 Lenox Road
Suite 750
Atlanta, Georgia  30326
(404) 816-9800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES A. HINSHAW, Jr. p/k/a PRINCE CHARLEZ and d/b/a CHARLES A. HINSHAW PUBLISHING )<br><br>Plaintiff, )<br><br>v. )<br><br>ONEFEME OGBENI individually, REGIME MUSIC SOCIETE, INCORPORATED, WORLDPASPORT CORPORATION, and RONDOR MUSIC INTERNATIONAL, INC. )<br><br>Defendants ) | CIVIL ACTION FILE NO. |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(b)**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rule 5.1(b).

This 10th day of April, 2013.

                                                ____/Alan S. Clarke/_____
                                                  Alan S. Clarke

Attorney for Plaintiff
The Entertainment Law Group,
Alan S. Clarke & Associates, LLC
3355 Lenox Road, Suite 750
Atlanta, Georgia  30326
Telephone (404) 816-9800
Facsimile (404) 816-0555