


IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FRANKLIN WHITE, | * | |
| | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | 1:13-cv-01163-TCB |
| | * | |
| ALCON FILM FUND, LLC, ALCON | * | |
| ENTERTAINMENT, LLC, CUBE | * | |
| VISION, LLC, WARNER BROS. | * | |
| PICTURES, AND TIME | * | |
| WARNER, INC., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT TIME WARNER, INC.**

To: Time Warner, Inc.
c/o Gerald Sauer, Esq.
Sauer & Wagner, LLP
1801 Century Park East, Suite 1150
Los Angeles, CA 90067

Plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure, submit herewith to the above Defendant for Answer under oath and service of a copy thereof upon the Plaintiff within thirty (30) days after service hereof, the following interrogatories; the same being continuing interrogatories requiring supplemental answers upon the discovery of other and additional facts respecting your answers thereto, up until and including the date of trial. Any such supplementary answers

are to be filed and served upon counsel for the Plaintiff upon receipt or acquisition of such other and additional information or knowledge by Defendant.

You are requested not to respond to interrogatories by referring to the responses to other interrogatories by adoption since some of the interrogatories may be introduced into evidence and should be complete in themselves for this purpose.

Where an objection is made to any interrogatory or subpart thereof, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure or any extensions thereof, shall be deemed to be waived.

## DEFINITIONS OF TERMS

1.

When used in these interrogatories, the term "you" or "Defendant" or any synonym thereof, is intended to embrace and include in addition to Defendant Time Warner, Inc., any predecessor in interest, all agents, representatives, independent contractors, associates, employees, servants, attorneys, insurance agents or adjusters, experts, consultants, investigators and others who are in a position of knowledge or who may have obtained information for or on behalf of Defendant Time Warner, Inc. If you are unable to answer a question completely, or

have an objection to a portion of a question, then the question should be answered to the fullest extent possible. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

2.

"Document(s)" shall mean all forms of tangible expression including, without limitation, any written, printed, recorded, electronic, photostated, pictorial, graphic or photographic tangible form of communication, including letters, words, pictures, sounds, symbols or any combination of them, however produced or reproduced, including the following, which is listed by way of example only and without limitation: correspondence, memoranda (including internal or interoffice memoranda), transmittals, email, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes (including handwritten notes), reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, bills, books of account, receipts, check registers, sales slips, bank statements, invoices, accounting records, journals and other business, financial or budget records, bank statements, credit or charge card statements, tables, tabulations, compilations, appraisal, invoices, money orders, negotiable instruments, wire transfers, lists, summaries, indices, information stored on medium such a floppy computer disk, hard drive,

compact disk, ZIP drive, backup tape, DVD, or other computer store system, computer programs and data, computer printouts, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal or governmental agency, speeches, articles, books pamphlets, catalogs, brochures, magazines, newspapers, calendars, personal records, diaries, records or logs of telephone conversations, notebooks, minutes insurance policies, agenda, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, order, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations from foreign languages into English, and other matter which contains any form of communications or representation. "Document(s)" shall also means all drafts or versions, and all non-identical copies of any such Document, including but not limited to those that contain markings, symbols, interlineations, comments, or notations or any kind on the front or back thereof.

3.

"Identify" when used in reference to a natural person means to state: the full name; present or last known business and residence addresses; present or last

known position and business affiliation; and the employer, title and position at the time of relevance.

4.

"Identify" when used in reference to a corporation, partnership, joint venture, company, business entity or other organization means to state: the full and proper name of the organization; the type of organization (e.g., corporation, partnership, sole proprietorship, etc.); and the principal business address of such organization and its agent's name.

5.

"Identify" when used with reference to a Document, email or written communication means to state the date, title, author, addressed, type of document (e.g., letter, memorandum, telegram, chart, note, application, etc.) or other reasonable means of identification, and its present location or custodian. If any such Document is no longer in your possession or subject to your control, state what disposition was made of it, as last known to you.

[In lieu of identifying a particular document when such identification is requested, a copy of such document may, at your option, be attached to the response to these Interrogatories; provided, that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such copy of a document must be separately provided in response to these

Interrogatories, and provided that you identify the Interrogatory to which the document responds.]

6.

"Identify" when used with reference to an oral communication, conference, or meeting means to state the date of the communication, conference or meeting, the identity of all parties to the communication, conference or meeting (referring back to the definition of "identify" for individuals), and to state the subject matter and the general substance of what was said or what transpired in the communication, conference or meeting.

7.

"Identify" when used with reference to an action means to state the action taken, name the person who took such action and state the date on which the action occurred.

8.

"Person" shall mean any natural person, firm, corporation, partnership, company, joint venture, association, governmental agency or department or any other form of legal entity.

9.

"Book" shall mean the book titled "First Round Lottery Pick," by Franklin White.

10.

"Film" shall mean the motion picture "Lottery Ticket."

11.

"Internal" shall mean within the office, business and/or company of Defendant and among and between all of its agents, owners, directors, shareholders, officers, representatives, independent contractors, associates, employees, servants, attorneys, insurance agents or adjusters, experts, consultants, investigators and other related persons.

12.

"Action" shall mean this lawsuit, Civil Action File Number 1:13-CV-1163.

13.

"Communication(s)" shall mean written and/or oral communications.

**INTERROGATORY 1**

Identify each and every Communication between Defendant and Plaintiff.

**INTERROGATORY 2**

Identify each and every Communication between or among Defendant and any of the other defendants in this lawsuit concerning the matters alleged in the pleadings to this Action.

**INTERROGATORY 3**

Identify all Internal Communications concerning Plaintiff.

**INTERROGATORY 4**

Identify how Defendant became affiliated with the Film, being sure to identify all related documents.

**INTERROGATORY 5**

Identify all Internal Communications concerning the matters alleged in the pleadings to this Action.

**INTERROGATORY 6**

Specify all income Defendant has received in relation to the Film.

**INTERROGATORY 7**

Explain the rights, duties and obligations that you and co-defendant Warner Bros. Pictures owe to each other with regard to films Warner Bros. Pictures distributes.

**INTERROGATORY 8**

Explain all rules and procedures that give Defendant the right or the power to control or oversee co-Defendant Warner Bros. Pictures.

**INTERROGATORY 9**

Identify all claims of copyright infringement which have ever been raised against you by anyone in any manner.

**INTERROGATORY 10**

Explain your actions related to the Film.

## INTERROGATORY 11

Identify each and every Person or entity from whom you receive or have received income related, in any way, in whole or in part, to the Film.

## INTERROGATORY 12

Identify all experts you have consulted, intend to consult or whom you expect to or may call as an expert witness at trial regarding any claims or defenses asserted by you in this matter. With respect to each such Person, please state:

(a) the specific subject matter on which you expect such expert to testify;

(b) the substance of the facts, opinions, and conclusions to which you expect such expert to testify;

(c) a summary of the factual grounds for each opinion or conclusion;

(d) whether any such Person has prepared or provided you with a written or recorded statement or report concerning their investigation, and if so, the name, address, and telephone number of all Persons who have a copy of each such report or statement.

## INTERROGATORY 13

Identify all Persons you now believe to have knowledge of the facts or circumstances in this case, and provide a summary of the facts or information that you believe to be known by such Persons.

## INTERROGATORY 14

Identify each fact upon which you base each of your affirmative defenses in this Action.

Submitted this 27th day of November, 2013.

Alan S. Clarke
Georgia Bar Number 128225

The Entertainment Law Group,
Alan S. Clarke & Associates, LLC
3355 Lenox Road
Suite 750
Atlanta, Georgia 30326
(404) 816-9800 Telephone
(404) 816-0555 Facsimile

IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FRANKLIN WHITE, | * | |
| | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | 1:13-cv-01163-TCB |
| | * | |
| ALCON FILM FUND, LLC, ALCON ENTERTAINMENT, LLC, CUBE VISION, LLC, WARNER BROS. PICTURES, AND TIME WARNER, INC., | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 27th day of November, 2013 served the foregoing Plaintiffs' First Interrogatories upon Defendant Time Warner, Inc. by depositing a true copy of such in the United States Mail with adequate postage for delivery to:

Gerald Sauer, Esq.
Sauer & Wagner, LLP
1801 Century Park East, Suite 1150
Los Angeles, CA 90067

Alan S. Clarke
Georgia Bar Number 128225

The Entertainment Law Group,

Alan S. Clarke & Associates, LLC
3355 Lenox Road
Suite 750
Atlanta, Georgia 30326
(404) 816-9800 Telephone
(404) 816-0555 Facsimile